## DUPUIS v. BORDELON. *
### No. 4983.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

Nicholas Masters, of New Orleans, and Marc Dupuy, of Marksville, for appellant.

Couvillon & Couvillon, of Marksville, for appellee.

MILLS, Judge.

This is a suit to recover possession of tools, lumber, and hog wire, valued at $103, or to be paid that sum, and for $65, made up of $30 truck hire futilely expended because of defendant's refusal to surrender the above property, and $35 for the defendant's use of said property.

It is alleged that plaintiff acquired title by purchase from Mrs. Opal Davis Marshbank.

Defendant answered, denying the possession of and disavowing any claim to the hog wire, and asserting his ownership of the other property involved by purchase also from Mrs. Marshbank, through her attorney.

Plaintiff is appealing from a judgment rejecting his demands.

Plaintiff testifies that on Sunday, September 30, 1930, he went to see Mrs. Davis in Marksville about the purchase of a gas engine, a bench saw, and some tools that were on her place at Lake Long, eighteen miles distant. She stated the property was for sale, so he went out to inspect it. Returning Monday morning, he claims to have completed the purchase by agreeing with her to pay $20 for the saw, engine, and tools, and $6 for the lumber and wire. He sent a truck for the property, but obtained possession of only the bench saw, gasoline engine, and an old crosscut saw. On Tuesday, he again sent a truck and again failed to obtain the undelivered articles. He then went to see defendant, who claimed to have himself purchased the articles in dispute. He then obtained an order from the attorney and went with it to the Lake Long place, where an employee of Henry Bordelon refused to honor it or deliver the tools or lumber. Plaintiff then brought suit against Mrs. Marshbank for damages sustained through her failure to make delivery. This suit was decided adversely to plaintiff by the district judge, whose judgment was affirmed on appeal to this court (Dupuis v. Davis, 19 La. App. 160, 139 So. 662), which held that all Mrs. Marshbank had sold was what tools, lumber, etc., plaintiff might find on the place and be able to reduce to possession; that she had never seen the articles and assumed no obligation to deliver them. Plaintiff reduced to possession the most valuable part of the purchase,¹ and that in which he was principally interested. The check given in payment for the lumber was never cashed, and, in the former suit, was deposited in court for the benefit of plaintiff.

*Rehearing denied July 15, 1935.

The attorney testified that on the same Monday morning, at about 10:30 o'clock, and after plaintiff's purchase, defendant, in his office, and in the presence of Mrs. Marshbank, purchased from her for cash all the beehives, bees, the supers, and everything connected with the bee industry on the place at Lake Long; that defendant was informed of the sale of the engine and bench saw, which were expressly exempted and, he thinks, of the sale of some tools, but not those connected with the business. The sale of the lumber, etc., for $6 occurred later. Because of the lapse of time, his recollection of the matter is not exact.

It is clearly established that all the articles in question were connected with the bee industry, the lumber to be, made into hives, the tools to use in their manufacture, the wire to build an inclosure about the hives, and the jack to raise the platform on which the hives stood, in case of overflow. Bordelon intended to operate the bee farm in the same place and desired to purchase all the equipment. He leased the land at the same time. Bordelon is very positive that his offer was for everything on the place except a few articles of furniture in the house and the engine and bench saw. He regretted the exclusion of these articles and offered $50 additional for them if they could be delivered. He admits that he did not buy the hog wire, but insists that he bought the tools and that he was not informed of their sale to Dupuis. He made it clear that he was buying everything on the place except the land and the buildings, the engine, and the bench saw. We think the testimony preponderates to the effect that defendant was not informed of the sale of the tools and that they were not excluded from his purchase.

It appears, then, that Mrs. Marshbank, in her ignorance of what was on the place at Long Lake and in her haste to get away, sold the tools and the lumber to both parties without making delivery to either; that Bordelon first reduced them to possession which he seeks to maintain as owner. The case is then reduced to the application of the law to the situation. It is completely covered by article 1922 of the Civil Code, which reads:

"With respect to movable effects, although, by the rule referred to in the two last preceding articles, the consent to transfer vests the ownership of the property in the obligee, yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor, being in possession, should, by a second contract, transfer the ownership of the property to another person, who gets the possession before the first obligee, the last transferee is considered as the owner, provided the contract be made on his part bona fide, and without notice of the former contract."

We are convinced of the good faith of the transferee in this case. It is shown that plaintiff was primarily interested only in the engine and bench saw, whereas defendant, expecting to operate the business, greatly desired everything useful to that end.

The judgment appealed from is correct and is affirmed.